IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:00-cr-44 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| HANS WESTRICH, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT (Doc. 40)**

This case is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. 40). The Government requests that the Court order the Bureau of Prisons ("BOP") issue a check in the full amount of funds representing non-exempt monies in Defendant's inmate trust account to satisfy the criminal monetary penalties imposed on Defendant when sentenced in 2001, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n). Defendant filed a response in opposition (Doc. 42), to which the Government filed a reply (Doc. 43), making this matter ripe for review. For the reasons below, the Government's Motion to Authorize Payments (Doc. 40) is **GRANTED**.

Mr. Westrich pled guilty to an indictment of bank robbery and, on January 30, 2001, was sentenced to a total of twenty-four months of imprisonment, to pay $100.00 special assessment and $2,000 restitution. (Judgment, Doc. 32). Mr. Westrich is still

imprisoned and is scheduled for release on August 11, 2022. (Government's Motion to Authorize Payment from Inmate Trust Account ("Motion to Authorize Payment"), Doc. 40, Pg. ID 4.) As of October 14, 2021, the Defendant had an outstanding balance of $800.00 on this judgment. (Government's Reply, Doc. 43, Pg. ID 16.) And, on October 15, 2021, Defendant had $800 in his Inmate Trust Account. (*Id.*)

On October 14, 2021, a week prior to filing the instant motion, the Government requested that the Bureau of Prisons to freeze the Defendant's Inmate Trust Account. (*Id.*) Then, on October 21, 2021, the Government filed the instant motion, which included a proposed order. (*See* Motion to Authorize Payment.) However, on October 22, 2021, the Bureau of Prisons disbursed the funds to the Clerk of Courts, thus satisfying Mr. Westrich's debt, rather than freezing the account. (Government's Reply, Doc. 43, Pg. ID 16.) Although this development provided the Government with its requested relief without an order of the Court and, in fact, before the Court could render its decision, the Government never informed the Court of this development. Even when it contacted the Court on November 17, 2021, inquiring into the status of the Court's decision, seeming to press the Court for quick resolution of the Motion.

To the contrary, it was Mr. Westrich, a pro se litigant, who alerted the Court to the development when he filed his Response in Opposition on December 2, 2021. (Defendant's Response in Opposition, Doc. 42, Pg. ID 10.) Thus, the Court was not informed that the Bureau of Prisons withdrew the $800 until six weeks after Government filed its motion and received the funds.  Indeed, had the Court accepted the Government's request for a ruling on November 17, prior to Mr. Westrich's

response, it might never have known that the money had already been transferred—without any regard for the Court's determination of the matter. The Government's conduct gives the Court pause and does not go unnoticed by this Court. The Court advises that full candor with the Court is expected and appreciated on all developments pertaining to matters before it.

Turning to the merits, procedures and remedies for the enforcement of criminal monetary penalties are set forth in 18 U.S.C. § 3613. These procedures and remedies allow for a judgment imposing a fine to be "enforced against all property or rights to property of the person fined," with certain exceptions. 18 U.S.C. § 3613(a). Additionally, the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, et seq., requires a defendant pay restitution to the victims of the offense, such as bank robbery. 18. U.S.C. § 3663A(a)(1). The MVRA requires that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Courts have held this statute to be "self-executing" and that "receipt of 'substantial resources' by a defendant 'triggers an automatic payment requirement.'" *United States v. Bazazpour*, No. 08-cr-171, 2021 WL 2980679 at *2 (N.D. Ohio July 14, 2021) (quoting *United States v. Lassiter*, No. 13-20476, 2021 WL 486611, at *1 (E.D. Mich. Feb. 10, 2021)). Courts consider the ordinary meaning of the word "substantial" when determining if an inmate trust account contains "substantial resources" under the statute. *See United States v. Korbe*, No. 09-cr-005-NR, 2020 WL 1929256 at *4 (W.D. Penn. Apr. 21, 2020).

Here, the Court agrees that, considering the ordinary meaning of the word "substantial," $800 constitutes substantial resources. Thus, for the foregoing reasons, the Government's Motion to Authorize Payment from Mr. Westrich's Inmate Trust Account (Doc. 40) is **GRANTED**.  Furthermore, Mr. Westrich's restitution judgment is hereby **SATISFIED** once **PAID** as ordered herein.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
JUDGE MATTHEW W. McFARLAND